UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   **Docket No.:**   17-6676

JESSICA ROSARIO, TRAVIS ROSARIO, and
KATELYNN COX

Plaintiff(s),                    **COMPLAINT**

-against-                        **JURY TRIAL DEMANDED**

CITY OF NEW YORK, DETECTIVE THOMAS                          **ECF CASE**
RAMIREZ, DETECTIVE DANIELLE KRUT,
DETECTIVE VAN SCOTT, POLICE OFFICER JOHN
DOES 1-10, ZHEN CHEN, and SKYWAY CAR
SERVICE EXPRESS,

Defendant(s).
------------------------------------------------------------------------X

Plaintiffs, JESSICA ROSARIO, TRAVIS ROSARIO, and KATELYNN COX, by and

through their attorneys, RENFROE DRISCOLL & FOSTER, LLP, as and for their Complaint,

against the Defendants, respectfully states and alleges, upon information and belief, as follows:

<u>PRELIMINARY STATEMENT</u>

1.  This is a civil action for monetary relief, including past economic loss, compensatory

damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1983,

1985, and 1986, and grounded in rights secured by the First, Fourth, Fifth, Sixth and Fourteenth

Amendments to the United States Constitution, and the laws of the State of New York.  Plaintiff,

JESSICA ROSARIO, while lawfully residing at the premises know as 5-23 College Point

Boulevard, Apartment 2, College Point, New York 11456 in the County of Queens, State of New

York, was unlawfully arrested by the individually named defendants.   Plaintiff was deprived of

her constitutional and common law rights when the individual defendants unlawfully confined

Plaintiff, caused her unjustifiable arrest, and negligently caused Plaintiff to sustain serious

injuries and used excessive force against all Defendants.  Additionally, the negligence of the individually named defendants in the ownership and operation of a 2013 Ford motor vehicle, bearing New York State license plate GHH4700 (rear vehicle) and a 2015 Nissan sedan bearing New York State license plate number T675883C (forward most vehicle), caused all Plaintiffs to sustain serious injuries.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 1343 (a) and the aforementioned statutory and constitutional provisions.

3.  Plaintiffs further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

4.  That all conditions precedent to instituting the lawsuit have been complied with in a timely manner including but not limited to the filing of a notice of claim. In response to the notice of claim, the defendants failed to settle the matter.

## VENUE

5.  Venue herein is proper under 28 U.S.C. § 1391(a), (b) and (c) because the cause of action arose in the Eastern District of New York, and one or more of the defendants are subject to personal jurisdiction in the Eastern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Eastern District of New York.

## PARTIES

6.  During all times relevant to this Complaint, Plaintiff, JESSICA ROSARIO, was, and still is, a resident of the County of Queens, State of New York.

7.  During all times relevant to this Complaint, Plaintiff, TRAVIS ROSARIO, was, and still is, a resident of the County of Queens, State of New York.

8.  During all times relevant to this Complaint, Plaintiff, KATELYNN COX (hereinafter "COX"), was, and still is, a resident of the County of Queens, State of New York.

9.  The Defendant CITY OF NEW YORK (hereinafter "CITY") is a duly constituted municipal corporation of the State of New York and is and was the employer of DEETECTIVE THOMAS RAMIREZ (hereinafter referred to as "RAMIREZ"), DETECTIVE DANIELLE KRUT (hereinafter referred to as "KRUT"), DETECTIVE VAN SCOTT (hereinafter referred to as "SCOTT"), and certain of the unnamed police officers and Detectives, and other personnel (JOHN DOES 1-10).

10. During all times relevant to this Complaint, Defendant, ZHEN CHEN (hereinafter "CHEN"), was, and still is, a resident of the County of Queens, State of New York,

11. During all times relevant to this Complaint, Defendant, SKYWAY CAR SERVICE EXPRESS, INC. (hereinafter "SKYWAY"), was and is a corporation duly organized under and by virtue of the laws of the State of New York, was the owner of the motor vehicle that was being operated by Defendant, CHEN, on August 18, 2016, bearing license plate number T675883C, and is and was the employer of Defendant, CHEN.

12. Upon information and belief, during all times relevant to this Complaint, Defendant, RAMIREZ, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Detective employed by the CITY, under the direction of the New York Police

Department and CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

13. Upon information and belief, during all times relevant to this Complaint, Defendant, KRUT, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Detective employed by the CITY, under direction of the New York Police Department and CITY and was acting in furtherance of the scope of her employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in her individual capacity.

14. Upon information and belief, during all times relevant to this Complaint, Defendant, SCOTT, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a DETECTIVE employed by the CITY, under the direction of the New York Police Department and CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

15. That "JOHN DOES" 1-10 were at all times herein mentioned police officers and/or detectives, in their individual and official capacities, employed by both CITY and NYPD under direction of Defendants CITY and NYPD, and were acting in furtherance of the scope of their employment, acting under color of law, *to wit*, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the CITY and/or the NYPD.

16. During all times relevant to this Complaint, the Defendants, and each of them, were acting under color of law, *to wit*, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the CITY.

4

17. During all times relevant to this Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiffs, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

18. During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants; and thereby, became a party to unlawfully subjecting the Plaintiffs to harm and denial of basic rights.

## **FACTUAL ALLEGATIONS**

19. On or about August 18, 2016, at approximately 6:00 a.m., Plaintiff, JESSICA ROSARIO, was sleeping at her residence, located at 5-23 College Point Boulevard, Apartment 2, College Point, New York 11456 in the County of Queens, State of New York, when Defendants, RAMIREZ, KRUT, and JOHN DOES 1-10, without a warrant and without permission, broke down the door of Plaintiffs' residence, entered Plaintiffs' residence, and began searching Plaintiffs' residence.

20. Defendants, RAMIREZ, KRUT, and JOHN DOES 1-10, entered Plaintiff, JESSICA ROSARIO'S, bedroom and asked Plaintiff "where are the drugs."

21. In response, Plaintiff, JESSICA ROSARIO, asked Defendants RAMIREZ, KRUT, and JOHN DOES 1-10, to produce a search warrant.

22. At that time, Defendants, RAMIREZ, KRUT, and JOHN DOES 1-10, did not produce a search warrant and continued to search Plaintiffs' residence while Plaintiff, JESSICA ROSARIO, was confined to her bedroom.

23. Plaintiff, JESSICA ROSARIO, was then moved and confined to the kitchen by Defendants, RAMIREZ, KRUT, and JOHN DOES 1-10, while the search continued.

24. Once the search had concluded, Defendants, RAMIREZ, KRUT, and JOHN DOES 1-10, handcuffed Plaintiffs, JESSICA ROSARIO and COX, and put them under arrest. Plaintiff, TRAVIS ROSARIO, was arrested off the premises.

25. Plaintiffs, JESSICA ROSARIO, TRAVIS ROSARIO, and COX, still handcuffed, were placed in the back of a police vehicle in which Plaintiffs sat on bench seats on either side of the vehicle.

26. While in transit to the 109th precinct, the police vehicle stopped short causing Plaintiff, TRAVIS ROSARIO, to fall onto Plaintiff, JESSICA ROSARIO, abruptly pinning the latter against a metal wall of the police vehicle. Plaintiff, COX, was also abruptly thrust into a metal wall of the police vehicle on the opposite side. Plaintiff, JESSICA ROSARIO, sustained injuries to her person, including her cervical spine, thoracic spine, lumbosacral spine, and left shoulder. Plaintiff, TRAVIS ROSARIO, sustained injuries to his person, including his cervical spine, thoracic spine, lumbosacral spine, right leg, and the bilateral shoulder. Plaintiff, KATELYNN COX, sustained injuries to her person, including her cervical spine, thoracic spine, lumbosacral spine.

27. Plaintiffs, JESSICA ROSARIO, TRAVIS ROSARIO, and COX, were processed at the 109th precinct. At no time was Plaintiff, JESSICA ROSARIO, told what she was being charged with or shown a search warrant for the search of her residence.

28. Thereafter, Plaintiffs, JESSICA ROSARIO, TRAVIS ROSARIO, and COX, were moved to central booking, processed again, and put in cells.

29. Plaintiffs, JESSICA ROSARIO, TRAVIS ROSARIO, and COX, were then removed from the cells, handcuffed, and placed in the same police vehicle to be transported to Queens General Hospital for medical attention for injuries to each Plaintiff arising from the incident which occurred during transport to the precinct.

30. Defendants, RAMIREZ, KRUT, and JOHN DOES 1-10, deprived Plaintiff, JESSICA ROSARIO, of her constitutional rights, specifically by unlawfully arresting Plaintiff, JESSICA ROSARIO, and keeping her in custody until approximately 10:00 p.m. on August 18, 2016.

31. Those Defendant Officers who did not touch Plaintiff JESSICA ROSARIO, failed to protect her from the unlawful arrest.

32. On October 19, 2016, Plaintiff, JESSICA ROSARIO'S, underlying criminal matter was disposed as an adjournment in contemplation of dismissal (ACD).

33. As a result of Defendants' conduct, Plaintiff, JESSICA ROSARIO, has been subjected to unlawful detention, due process violations, humiliation, anxiety, fear, emotional harm, physical harm, and pecuniary loss.

34. Upon information and belief, on or about August 18, 2016, at approximately 1:50 p.m., Defendant, SCOTT, operated a 2013 Ford motor vehicle, bearing New York license plate GHH4700.

35. Upon information and belief, on or about August 18, 2016, at approximately 1:50 p.m., Defendant, SCOTT, operated a 2013 Ford motor vehicle, bearing New York license plate GHH4700, with the knowledge and consent of the owner of said vehicle, Defendant, CITY OF NEW YORK.

36. Upon information and belief, on or about August 18, 2016, at approximately 1:50 p.m., Defendant, CHEN, operated a 2015 Nissan motor vehicle, bearing New York license plate T675883C.

37. Upon information and belied, on or about August 18, 2016, at approximately 1:50 p.m., Defendant, CHEN, operated a 2015 Nissan motor vehicle, bearing New York license plate T675883C, with the knowledge and consent of the owner of said vehicle, Defendant, SKYWAY.

38. At all times herein mentioned, upon information and belief, Plaintiffs, JESSICA ROSARIO, TRAVIS ROSARIO, and COX, were handcuffed and sitting on bench seats in the back of said vehicle.

39. Upon information and belief, on or about August 8, 2016, at approximately 1:50 p.m. Defendant, SCOTT, was operating the aforementioned 2013 Ford motor vehicle traveling near the intersection of Union Turnpike and 164th Street, Queens County, State of New York, and caused said motor vehicle to come into contact with the rear portion of a 2015 Nissan Sedan, bearing New York license plate T675883C and being operated by Defendant, CHEN.

40. Upon information and belief, on or about August 8, 2016, at approximately 1:50 p.m., at the aforementioned location, Defendant, SCOTT, was operating the rear vehicle involved in the rear end collision.

41. Upon information and belief, on or about August 8, 2016, at approximately 11:50 p.m., at the aforementioned location, Defendant, CHEN, was operating the front vehicle involved in the rear end collision.

42. By reason of the aforesaid negligence of the defendants, Plaintiffs, JESSICA ROSARIO, TRAVIS ROSARIO, and COX, sustained serious injuries as defined in subsection (d) of section 5102 of the Insurance Law of the State of New York.

43. By reason of the aforesaid negligence of the Defendants, Plaintiffs, JESSICA ROSARIO, TRAVIS ROSARIO, and COX, sustained economic loss in excess of basic economic loss as defined in subsection (4) of section 5102 of the Insurance Law of the State of New York.

44. That the injuries sustained by Plaintiffs, JESSICA ROSARIO, TRAVIS ROSARIO, and COX, were occasioned through and by reason of the joint, several, and/or concurrent carelessness, recklessness, and negligence of Defendants in the ownership, operation, management, maintenance, and control of their motor vehicle; in operating said motor vehicle at an excessive, dangerous, and reckless rate of speed and/or at a greater rate of speed than care and caution would permit under the circumstances and conditions then and there existing; in following the more forward vehicle too closely; in failing to stop the vehicle a safe distance from the more forward vehicle; in failing to look; failing to see and failing to observe the more forward vehicle; failing to have the motor vehicle under reasonable and proper control; failing and omitting to provide and/or make use of and/or permit the timely use of adequate and efficient brakes, braking systems, steering mechanisms, turning signals, and/or horn; failing to avoid coming into contact with the more forward vehicle; in failing to yield the right of way to the more forward vehicle; in failing to give any warning or signal of the approach; failing to obey traffic control devices, posted speed limits, and/or traffic lights which existed thereat; failing to reasonably anticipate the traffic conditions; in failing to slow down to avoid striking the more forward vehicle; in failing to respect and observe the rights of other vehicles upon the roadway; misjudging distances and speeds of the other motor vehicle; violating the statutes, ordinances, rules, and regulations of the State of New York in such cases made and provided; failing and omitting to take proper and suitable precautions to prevent the happening of the aforesaid accident and, in otherwise operating, owning, maintaining, managing, and controlling the motor

vehicle in a careless, reckless, and negligent manner; in making a short and abrupt stop without warning; and in failing to signal.

45. Notices of claim were timely served on the CITY and at least thirty days have elapsed since the service of such notices and adjustment and/or payment has been neglected and/or refused.

46. Examinations of Plaintiffs, JESSICA ROSARIO, TRAVIS ROSARIO, and COX, pursuant to GML Section 50-h were conducted on April 6, 2017.

## AS AND FOR COUNT ONE

### 42 U.S.C. § 1983 – FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS, AS TO PLAINTIFF, JESSICA ROSARIO

47. The Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 46 of this Complaint with the same force and effect as though fully set forth herein.

48. Plaintiff, JESSICA ROSARIO, alleges numerous constitutional violations under Section 1983, which include, but is not limited to: withholding of evidence, failure to follow proper policies and protocols, failure to intervene, conspiracy as it relates to the above and conspiracy as it relates to the false arrest, false imprisonment, and abuse of process, all of which support Plaintiffs' claims for constitutional violations.

49. Plaintiffs allege that Defendants, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10 fabricated evidence as it relates to the incident involving Plaintiff, JESSICA ROSARIO, on August 18, 2016, which constituted violations of the plaintiffs' constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.   Plaintiffs allege that this conduct was intentional and malicious.

50. Plaintiffs allege that Defendants, CITY, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10 failure to follow proper policies and protocols as it relates to the incident involving Plaintiff, JESSICA ROSARIO, on August 18, 2016, which constituted violations of Plaintiff, JESSICA ROSARIO'S, constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.  Plaintiffs allege that this conduct was intentional and malicious.

51. Plaintiffs allege that Defendants, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10 failed to intervene as it relates to the incident involving Plaintiff, JESSICA ROSARIO, on August 18, 2016, which constituted violations of Plaintiff, JESSICA ROSARIO'S, constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiffs allege that this conduct was intentional and malicious.

52. Plaintiffs allege that Defendants, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10 conspired as to the fabrication of evidence, failure to follow proper policies and protocols, failure to intervene, and, false arrest, as it relates to the incident involving Plaintiff, JESSICA ROSARIO, on August 18, 2016, which constituted violations of Plaintiff, JESSICA ROSARIO'S, constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiffs allege that this conduct was intentional and malicious.

53. On or about August 18, 2016, Plaintiff, JESSICA ROSARIO, was falsely arrested, falsely seized and falsely detained, deprived of her freedom, and unlawfully by Defendants, CITY, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10 in violation of her civil and constitutional rights afforded to them via the Fourth Amendment and the Due Process Clauses of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. § 1983.  All acts by the Defendants were committed under color of law; thus, depriving

Plaintiff, JESSICA ROSARIO, of rights secured by federal law and the United States Constitution.

54. On or about August 18, 2016, Defendants, CITY, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10, falsely arrested, falsely seized and falsely detained Plaintiff, JESSICA ROSARIO, thus depriving her of her freedom. Said seizure was made after a search of Plaintiffs' residence without production of a valid search warrant and without probable cause, as Defendants were of the knowledge that Plaintiff, JESSICA ROSARIO, had committed no crime and found no incriminating evidence during the warrantless search.

55. Upon information and belief such seizure, arrest, and detention was ordered and directed by Defendants, CITY, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10. Defendants, CITY, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10 actively instigated and encouraged the prosecution of the Plaintiff, JESSICA ROSARIO.

56. Plaintiff, JESSICA ROSARIO, was aware of her confinement and Plaintiff, JESSICA ROSARIO, did not consent to being confined.

57. Upon information and belief, each of the Defendants took an active role in creating and manufacturing the charges against Plaintiff, JESSICA ROSARIO, solely for the purposes of effecting an arrest and conviction, and not to effectuate justice.

58. As part of the false arrest, detention and accusations, Defendants caused the Plaintiff, JESSICA ROSARIO, to be wrongfully seized, falsely detained, falsely arrested, falsely imprisoned, and deprived of her liberty, without probable cause. Furthermore, as a direct result of said actions, the Plaintiff, JESSICA ROSARIO, was unjustly exposed to disgrace, public humiliation, injury, and embarrassment.

59. The Defendants individually and collectively knew at the time of Plaintiff, JESSICA

ROSARIO'S, arrest, and at all times since then, that the evidence they had in connection with the charges brought against Plaintiff, JESSICA ROSARIO, was false, inconsistent with and insufficient to establish her guilt with respect to any of the crimes charged.

60. In arresting, detaining and interrogating Plaintiff, JESSICA ROSARIO, each of the Defendants knew or should have known that they were violating federal law and the Plaintiffs, JESSICA ROSARIO'S, constitutional rights set forth herein and had failed to prevent the same; and therefore, acted in concert to harm the Plaintiff, JESSICA ROSARIO.

61. Each of the Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff, JESSICA ROSASRIO, of her right to freedom from illegal seizure of her person, and freedom from illegal detention and imprisonment; all rights that are secured to Plaintiff, JESSICA ROSARIO, by the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. § 1983. As a direct and proximate result of the aforesaid acts of the Defendants and each of them, Plaintiff, JESSICA ROSARIO, suffered great physical harm, mental anguish and violation of rights from then until now and Plaintiff, JESSICA ROSARIO, will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants.

62. That by reason of the foregoing, Plaintiff, JESSICA ROSARIO, has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys' fees, pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT TWO

### 42 U.S.C. § 1985 – CONSPIRACY, AS TO PLAINTIFF, JESSICA ROSARIO

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 62 of this Complaint with the same force and effect as though set forth herein.

64. DEFENDANT OFFICERS' accusations and allegations against Plaintiff, JESSICA ROSARIO, were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to harass Plaintiff.

65. Defendants, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10 expressly and impliedly, agreed with each other to bring about Plaintiff, JESSICA ROSARIO'S, seizure, arrest, detention, and false accusations against Plaintiff, all without lawful or proper basis or justification.   All without consideration of Plaintiff, JESSICA ROSARIO'S, rights and in violation of all of Plaintiff, JESSICA ROSARIO'S, rights.

66. That the false arrest, false imprisonment, and violation of the laws of the State of New York and Plaintiff, JESSICA ROSARIO'S, civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff, JESSICA ROSARIO'S, damage.  All of these rights are secured to Plaintiff, JESSICA ROSARIO, by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

67. That by reason of the foregoing, Plaintiff, JESSICA ROSARIO, has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys' fees, pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT THREE

### 42 U.S.C. § 1986 – FAILURE TO INTERVENE, AS TO PLAINTIFF, JESSICA ROSARIO

68. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 67 of this Complaint with the same force and effect as though set forth herein.

69. Defendants, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10, knew or should have known that the detainment, false arrest, and wrongful imprisonment against Plaintiff, JESSICA ROSARIO, violated the Plaintiff, JESSICA ROSARIO'S, rights, guaranteed to her under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983, 1985 and 1986.

70. Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the false arrest and wrongful detainment against Plaintiff, JESSICA ROSARIO, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid Plaintiff, JESSICA ROSARIO, when such violations did in fact occur, all without lawful or proper basis or justification.   All without consideration of Plaintiff, JESSICA ROSARIO'S, rights and in violation of all of Plaintiff, JESSICA ROSARIO'S rights.

71. Defendants, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10, failure to stop these wrongful actions constitute a breach of their duty to do so under 42 U.S.C. § 1986.

72. That by reason of the foregoing, Plaintiff, JESSICA ROSARIO, has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys' fees, pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FOUR

### STATE LAW FALSE ARREST/FALSE IMPRISONMENT, AS TO PLAINTIFF, JESSICA ROSARIO

73. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 72 of this Complaint with the same force and effect as though set forth herein.

74. The Defendants, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10 lacked any probable cause to search, hold and detain Plaintiff, JESSICA ROSARIO, in custody for any period of time, no less the prolonged period of custody at the local Police Precinct and Queens County Central Booking.  Without such probable cause, Defendants, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10, conspired to and wrongfully detained Plaintiff, JESSICA ROSARIO, in her residence, in a police vehicle, at the police precinct and at Queens County Central Booking.  Plaintiff, JESSICA ROSARIO, was denied her freedom for a period of approximately sixteen (16) hours. During said time, Plaintiff, JESSICA ROSARIO, was physically prevented from leaving the custody of police, in that Plaintiff, JESSICA ROSARIO, was surrounded by officers at her residence, handcuffed and placed in a police vehicle, and later locked in a holding cell at the precinct. Plaintiff, JESSICA ROSARIO, was held against her will under the supervision and knowledge of the Police; and thereafter, transported to Queens County Central Booking and then to Queens General Hospital, all the while remaining in Police custody.

75. Plaintiff, JESSICA ROSARIO, was aware of her confinement and Plaintiff, JESSICA ROSARIO, did not consent to being confined.

76. As a result of said false arrest and false imprisonment, Plaintiff, JESSICA ROSARIO, suffered and continues to suffer damage.  All due to the callous indifference of said Defendants in falsely arresting and imprisoning Plaintiff, JESSICA ROSARIO, and requiring Plaintiff, JESSICA ROSARIO, to face false charges.  Moreover, Plaintiff, JESSICA ROSARIO, has

suffered and continues to suffer pain, great emotional and psychological harm, and anxiety, all due to the Defendants' wrongful and illegal acts.

77. That by reason of the foregoing, Plaintiff, JESSICA ROSARIO, has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys' fees, and punitive damages.

## AS AND FOR COUNT FIVE

### STATE LAW NEGLIGENCE

78. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 77 of this Complaint with the same force and effect as though set forth herein.

79. The defendants, CITY, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10, had a duty under 42 U.S.C. § 1983, as well as under the Fourth, Fifth, Sixth and Fourteenth Amendments, and under New York State Law and their own rules and regulations, to prevent and cease the wrongful detainment, false arrest, false imprisonment, and false charging, as well as a duty to hire, to train, to investigate, supervise and discipline Defendants and to prevent other wrongful acts that were committed against Plaintiffs.

80. In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, JESSICA ROSARIO, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff, JESSICA ROSARIO, against illegal search and seizure, false arrest, false imprisonment, and other due process violations. Said rights are guaranteed to the plaintiffs by 42 U.S.C. § 1983, by the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution and by New York State law.

17

81. The breach of duty by the Defendants, CITY, RAMIREZ, KRUT, and POLICE OFFICER JOHN DOES 1-10, was a direct and proximate cause of the harm suffered by Plaintiff, JESSICA ROSARIO. Said harm includes physical harm, pain and suffering which continues to this day, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, severe physical damage, as well as severe emotional and psychological damage to Plaintiff, JESSICA ROSARIO, resulting in the need to seek professional counseling for the trauma that she incurred.

82. Defendant, SCOTT, had a duty to operate the 2013 Ford police vehicle, bearing New York license plate GHH4700, at a reasonable speed and at a reasonable manner in accordance with New York State traffic codes.

83. Defendant, SCOTT, breached said duty by operating the 2013 Ford police vehicle, bearing New York license plate GHH4700, at an excessive speed and in a reckless manner and making contact with the rear portion of a 2015 Nissan Sedan motor vehicle, bearing New York license plate T675883C, which was being operated by Defendant, CHEN.

84. Defendant, CHEN, had a duty to operate the 2015 Nissan motor vehicle, bearing New York license plate T675883C, at a reasonable rate of speed and at a reasonable manner in accordance with New York State traffic codes.

85. Defendant, CHEN, breached said duty by operating the 2015 Nissan police vehicle, bearing New York license plate T675883C, in a reckless manner.

86. The breaches of duty by Defendants, SCOTT and CHEN, were direct and proximate causes of physical harm suffered by Plaintiffs, JESSSICA ROSARIO, TRAVIS ROSARIO, and COX. Said harm includes physical harm, pain and suffering which continues to this day, emotional distress and monetary expenses in lost wages, legal costs and medical costs. Each

Plaintiff suffered severe and serious physical harm, including but not limited to injuries to each Plaintiff's, cervical spine, thoracic spine, and lumbosacral spine, injuries to Plaintiff, JESSICA ROSARIO'S, left shoulder, and injuries to Plaintiff, TRAVIS ROSARIO'S, bilateral shoulders.

87. That by reason of the foregoing, the Plaintiffs have been exposed to depravation of rights granted by law, disgrace, public humiliation, embarrassment and physical harm, and have each been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

## AS AND FOR COUNT SIX

## ASSAULT

88. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 87 of this Complaint with the same force and effect as though set forth herein.

89. The individually named Defendants, RAMIREZ, KRUT, SCOTT and POLICE OFFICER JOHN DOES 1-10, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such acts caused apprehension of such contact in the plaintiff.

90. The individually named Defendants, RAMIREZ, KRUT, SCOTT and POLICE OFFICER JOHN DOES 1-10, were at all times agents, servants, and employees acting within the scope of their employment by Defendant, CITY, which is therefore responsible for their conduct.

91. Defendant, CITY, as the employer of Defendants, RAMIREZ, KRUT, SCOTT and POLICE OFFICER JOHN DOES 1-10, are responsible for their wrongdoing under the doctrine of respondent superior.

92. That by reason of the foregoing, Plaintiffs has been exposed to injury to their person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

93. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR COUNT SEVEN

### BATTERY

94. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 93 with the same force as if more fully set forth at length herein.

95. The individually named Defendants, RAMIREZ, KRUT, SCOTT and POLICE OFFICER JOHN DOES 1-10, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff, when they, in a hostile and/or offensive manner grabbed and contorted the plaintiffs causing bodily injury and also drove the police van in an manner intended to throw the plaintiffs, who were not seat belted, about the steel interior of the police van;, thereby, causing Plaintiff to experiencing extreme pain and discomfort, and then ignored Plaintiff's repeated pleas for Defendants to discontinue the battery.

96. This was done without Plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

97. The individually named Defendants, RAMIREZ, KRUT, SCOTT and POLICE OFFICER JOHN DOES 1-10, were at all times agents, servants, and employees acting within the scope of their employment by the CITY, which is therefore responsible for their conduct.

98. The CITY, as the employer of defendants is responsible for their wrongdoing under the doctrine of respondent superior.

99. That by reason of the foregoing, Plaintiffs have been exposed to injury to their person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

100.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR COUNT EIGHT

### Negligent Hiring, Retention, Training and Supervision

101.    The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 100 with the same force as if more fully set forth at length herein.

102.    The C I T Y and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named Defendants, RAMIREZ, KRUT, SCOTT and POLICE OFFICER JOHN DOES 1-10, who were unfit for the performance of their duties on August 18, 2017, at the aforementioned locations.

103.    That by reason of the foregoing, Plaintiffs has been exposed to injury to their person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

104.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction

to hear and adjudicate such claims.

## AS AND FOR COUNT EIGHT NINE

### Negligent Infliction of emotional Distress

105.    The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 104 with the same force as if more fully set forth at length herein.

106.    By the actions described herein, the individually named Defendants, RAMIREZ, KRUT, SCOTT and POLICE OFFICER JOHN DOES 1-10, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff by laws and Constitution of State of New York.

107.    As a result of the foregoing, plaintiff sustained great emotional injuries.

108.    The CITY, as the employers of the Defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

109.    That by reason of the foregoing, Plaintiffs have been exposed to injury to their person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

110.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

111.    Plaintiffs hereby demand trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiffs, JESSICA ROSARIO, TRAVIS ROSARIO, and KATELYNN COX, shall each recover compensatory damage in the sum of One Million Dollars ($10,000,000.00) against the individual defendants, jointly and severally, together with interest and costs; and punitive damages in the sum of One Million Dollars ($10,000,000.00) against the Defendants, RAMIREZ, KRUT, and POLICE OFFICERS JOHN DOES 1-10 jointly and severally.

a.  That the plaintiffs recover the cost of the suit herein, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

b.  That the plaintiffs have such other and further relief as the Court shall deem just and proper.

Dated: Forest Hills, New York
November 15, 2017

Respectfully submitted,

RENFROE-DRISCOLL & FOSTER, LLP

By: _Patrick K. Foster_

**Patrick K. Foster, Esq.**
*Attorneys for Plaintiffs*
118-35 Queens Blvd., Suite 940
Forest Hills, New York 11375
Tel. No.: (718) 261-5100
Fax No.: (718) 304-1168