UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JESSICA ROSARIO, TRAVIS ROSARIO, and
KATELYNN COX,

                Plaintiffs,

                v.

THE CITY OF NEW YORK, DETECTIVE
THOMAS RAMIREZ, DETECTIVE DANIELLE
KRUT, DETECTIVE VAN SCOTT, POLICE
OFFICERS JOHN DOES 1-10, ZHEN CHEN,
and SKYWAY CAR SERVICE EXPRESS,

                Defendants.
------------------------------------------------------------X

**DECISION & ORDER**
17-CV-6676 (WFK) (SMG)

**HON. WILLIAM F. KUNTZ, II United States District Judge:**

Plaintiffs Jessica Rosario, Travis Rosario, and Katelynn Cox (collectively, "Plaintiffs") bring this action against defendants the City of New York ("the City"), Detective Thomas Ramirez, Detective Danielle Krut, Detective Van Scott, Police Officers John Does 1-10 ("John Does"), Zhen Chen, and Skyway Car Service Express (collectively, "Defendants"). Plaintiff Jessica Rosario alleges claims pursuant to §§ 1983, 1985, and 1986, as well as common law claims for false arrest, false imprisonment, and negligence. Compl., ECF No. 1. All Plaintiffs allege state law tort claims, including causes of action for negligence, assault, and battery. *Id.* On August 29, 2018, Magistrate Judge Steven M. Gold issued a report in which he recommended denial of Plaintiffs' application for an extension of time to serve their complaint pursuant to Federal Rule of Civil Procedure 4(m). *See* Report and Recommendation dated Aug. 29, 2018 ("R&R"), ECF No. 13. For the reasons that follow, the Court adopts the report in its entirety.

## BACKGROUND

### I. Factual History

The Court assumes familiarity with the factual and procedural history of this case as set forth in Magistrate Judge Gold's report. *See* R&R. Briefly, Plaintiffs allege on August 18, 2016, defendants Ramirez and Krut, New York City Police Department detectives, together with other officers, entered and searched Jessica Rosario's residence without a warrant and without her consent. Compl. ¶¶ 9, 19. The officers arrested Plaintiffs and placed them in the back of a

1

police vehicle following their search. *Id.* ¶¶ 24-25. The vehicle was in an accident with another car, which was being driven by defendant Chen, and Plaintiffs sustained injuries as a result. *Id.* ¶¶ 26, 39-41. The criminal charges brought against plaintiff Jessica Rosario were subsequently adjourned in contemplation of dismissal on October 19, 2016. *Id.* ¶ 32.

Plaintiffs filed this action on November 15, 2017. *See* Compl. Summonses were issued for all defendants on November 16, 2017. *See* ECF No. 4. Plaintiffs took no further activity until Magistrate Judge Gold entered a Status Report Order on May 16, 2018 directing Plaintiffs' counsel to submit a letter reporting on how Plaintiffs intended to proceed. *See* May 16, 2018 Status Report Order. The same day, Plaintiffs filed a letter claiming they discovered only one day earlier Defendants had not been served with the summons and complaint. Status Report Letter, ECF No. 5. Plaintiffs informed Magistrate Judge Gold they intended to make an application for additional time to serve Defendants pursuant to Rule 4(m). *Id.* Magistrate Judge Gold granted Plaintiffs leave to file a motion seeking an extension of time to serve. *See* May 16, 2018 Order. Magistrate Judge Gold also directed Plaintiffs to promptly serve their complaint and motion to extend time to serve on the City but the effectiveness of service would not be determined until the City had the opportunity to respond to Plaintiffs' motion. June 5, 2018 Order. Plaintiffs served the City on June 7, 2018. *See* ECF No. 8. The City filed its memorandum in opposition to Plaintiffs' Rule 4(m) motion on July 6, 2018, and Plaintiffs filed their reply on July 13, 2018. *See* City's Memorandum in Opposition to Pl.'s Mot. to Extend Time to Serve Pursuant to Rule 4m ("Defs.' Mem."), ECF No. 11; Plaintiffs' Reply in Support ("Pls.' Reply"), ECF No. 12. At the time of Magistrate Judge Gold's report, Plaintiffs had made no apparent effort to serve any other defendant besides the City.

**II.    Report and Recommendation**

In his report, Magistrate Judge Gold recommended that this Court deny Plaintiffs' request for an extension of time to serve and dismiss their complaint without prejudice pursuant to Federal Rule of Civil Procedure 4(m). R&R at 7.

Magistrate Judge Gold addressed Rule 4(m), which provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice ... or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Magistrate Judge Gold first determined Plaintiffs had not established good cause as to why they failed to make timely service on Defendants. R&R at 4. Magistrate Judge Gold noted Plaintiffs' only excuse for their failure was "law office failure," and attorney error does not constitute good cause for purposes of Rule 4(m). *Id.*; *see* Pls.' Reply ¶ 6.

While a district court "*may* grant an extension in the absence of good cause... it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). In determining whether to allow additional time to serve even in the absence of good cause, Magistrate Judge Gold evaluated the following factors: "(1) whether statutes of limitations would bar the refiling of the action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by extending the time for service." R&R at 5 (quoting *S. Bay Sailing Ctr. v. Standard Fire Ins. Co.*, 15-CV-6183, 2017 WL 913625, at *10 (E.D.N.Y. Jan. 17, 2017) (Locke, Mag. J.), *report and recommendation adopted*, 2017 WL 912042, at *1 (E.D.N.Y. Mar. 7, 2017) (Azrack, J.)).

Magistrate Judge Gold then conducted the four-factor analysis to consider whether additional time to serve should be allowed in this case even in the absence of good cause. R&R at 5. He determined the first factor weighed in favor of Plaintiffs because their state common-law claims against the City and the detective defendants would be time-barred if dismissed. *Id.* He determined the second factor weighed neither for nor against Plaintiffs. *Id.* at 5-6. He determined the third factor weighed against Plaintiffs because they had not attempted reasonable efforts to cure their errors on any defendant except the City. *Id.* at 6. He determined the fourth factor weighed against Plaintiffs because "any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action." *Id.* (quoting *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)).

### III. Plaintiffs' Objections and Defendants' Response

After requesting an extension of time to do so, *see* ECF No. 14, Plaintiffs filed objections to Magistrate Judge Gold's recommendation. *See* Mem. of Law in [Support] of Pls.' Objections to Hon. Steven M. Gold's Report and Recommendation ("Pls.' Objections"), ECF No. 20. In their submission, Plaintiffs only argue the City had actual notice of their claim, and because of that, their application for an extension should be granted. *Id.* at 2-3. Plaintiffs also filed an addendum with their objections. Decl. in Support of Pls.' Objections ("Foster Decl."), ECF No. 20-1. There, Plaintiffs similarly argue their application should be granted because Defendants had actual notice of their claims and because Plaintiffs' state-law claims would otherwise be time-barred. *Id.* ¶¶ 5-7. Indeed, as Plaintiffs note, "Plaintiffs' objection to the R&R rests solely on the analysis of the factors a Court considers in determining whether to grant an extension of time to serve in the absence of good cause." *Id.* ¶ 27. They argue "minimal importance" was placed on the first factor, without providing any support for their proposition. *Id.* ¶ 29. Plaintiffs

4

also appear to concede that "[p]erhaps the individually named Defendants do not have actual notice." *Id.* ¶ 30. Plaintiffs harp on the explicit direction of Magistrate Judge Gold's June 5, 2018 Order to promptly serve the City, and for the City to respond to Plaintiffs' motion, as justification for their "lack of effort to cure error with respect to any Defendant other than the City." *Id.* ¶ 31.

In response, Defendants argue the Court should review Magistrate Judge Gold's report for clear error because Plaintiffs "merely reargue the same points they made in their previous motion papers." Response to Pls.' Objections to Magistrate's Report and Recommendation ("Defs.' Response") at 4, ECF No. 21. Defendants further contend Magistrate Judge Gold's June 5, 2018 Order "in no way relieves plaintiffs of their duty to serve the remaining defendants." *Id.* at 7.

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1). A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citations omitted). A party should not get a "second bite of the apple" when filing objections because the "goal of the federal statute providing for the assignment of cases to magistrates is to 'increas[e] the overall efficiency of the federal judiciary.'" *McCarthy v. Manson*, 554 F. Supp. 1275, 1285-86 (D. Conn. 1982) (Cabranes, J.), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (citation omitted). Thus,

"[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Chiari v. N.Y. Racing Ass'n Inc.*, 972 F. Supp. 2d 346, 351 (E.D.N.Y. 2013) (Feuerstein, J.) (internal quotation marks and citations omitted).

## DISCUSSION

As an initial matter, Plaintiffs' objections repeat the same conclusions of law as filed in their initial application for an extension of time. Their only objection to Magistrate Judge Gold's report is simply that they disagree with his conclusion. *See* Pls.' Objections; Foster Decl. Indeed, Plaintiffs concede their "objection to the R&R rests solely on the analysis of the factors a Court considers in determining whether to grant an extension of time to serve in the absence of good cause." Foster Decl. ¶ 27 (citing no case law). Moreover, Plaintiffs do not argue the Court should review Magistrate Judge Gold's report *de novo*. Having reviewed Magistrate Judge Gold's report for clear error and finding none, the Court adopts the report in its entirety.

Even if the Court were to conduct a *de novo* review, the result would be the same. Magistrate Judge Gold carefully considered each factor in reaching his conclusion to recommend denying Plaintiffs' application for an extension pursuant to Rule 4(m). Plaintiffs argue ineffectively that Magistrate Judge Gold failed to properly weigh the prejudice to Plaintiffs in the first factor. Foster Decl. ¶ 29. The only case on which Plaintiffs rely in their argument for leniency is *Coleman v. Milwaukee Bd. of Directors*, 290 F.2d 932 (7th Cir. 2002). Pls.' Objections at 3. As Defendants point out, Plaintiffs relied on this case in their initial memorandum of law in support of their motion, and even so, the court in *Coleman* affirmed dismissal of the plaintiff's claims under Rule 4(m). *See* Defs.' Response at 7-8; Pls.' Reply at 4-5. Regardless, Magistrate Judge Gold effectively and reasonably considered this factor, contrary

to Plaintiffs' contention, and determined the first factor "weighs in favor of allowing plaintiffs additional time to accomplish service" because Plaintiffs' state common-law claims would be time-barred if dismissed. R&R at 5. The Court finds no error in this or any other part of Magistrate Judge Gold's analysis.

## CONCLUSION

The Court adopts Magistrate Judge Gold's report and recommendation, ECF No. 13, in its entirety. Plaintiffs' application for an extension of time to serve their complaint is hereby denied. The Complaint is hereby DISMISSED without prejudice. The Clerk of Court is respectfully instructed to close this case.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 12, 2019
      Brooklyn, New York